

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-84,565-01

### EX PARTE KERRY MAX COOK , Applicant

### ON APPLICATION FOR WRIT OF HABEAS CORPUS
### CAUSE NO. 1-77-179-A IN THE 114TH JUDICIAL DISTRICT COURT
### FROM SMITH COUNTY

**KELLER, P.J., filed a concurring opinion.**

### CONCURRING OPINION

The habeas court has recommended that Applicant be granted a new trial, and that

recommendation is supported by the record. I would follow the habeas court's recommendation and

grant Applicant a new trial. But I disagree with the Court's conclusion that Applicant has shown

himself to be actually innocent under our *Elizondo*[1] jurisprudence.[2] Showing actual innocence is not

---

[1] *Ex parte Elizondo*, 947 S.W.2d 202 (Tex. Crim. App. 1996), established the actual-innocence ground for relief as currently recognized in Texas. Although I have suggested that legal developments might call for altering the standard for what we call actual innocence, *see Ex parte Chaney*, 563 S.W.3d 239, 278-81 (Tex. Crim. App. 2018) (Keller, P.J., concurring), this concurrence relies on the standard as it currently exists.

[2] Although "actual innocence" is considered a claim for greater relief because of the impact a declaration of actual innocence has on an applicant's reputation, *see Ex parte Reyes*, 474 S.W.3d

merely an onerous burden; it is a "Herculean" task.[3] The habeas applicant must show "by clear and convincing evidence that no reasonable juror would have convicted him in light of the new evidence."[4] It is not enough to show "a reasonable likelihood" or a "reasonable probability" of a different outcome or even a preponderance of the evidence that the defendant would not have been convicted. Those standards apply to other sorts of claims.[5] But actual innocence requires much more: a finding that *no reasonable juror* would find Applicant guilty. Applicant has failed to satisfy this standard because four items of evidence, at least when they are combined, would allow a reasonable juror to find him guilty. The habeas court relied on some of the same evidence when it found that Applicant has not established that he is actually innocent.

First, Reserve Deputy Bob Wickham testified that Applicant admitted to killing Linda Jo. Deputy Wickham said Applicant told him, "I killed her and I don't give a sh-t what they do to me." Wickham has never recanted this testimony. Second, Paula Rudolph identified Applicant as the man she saw in the apartment the night Linda Jo was killed, and she has never recanted her identification. Third, Applicant's fingerprints were found on the sliding glass door to Linda's apartment, and they

---

677, 681 (Tex. Crim. App. 2015), and because such a declaration can also give rise to civil compensation, *see Ex parte Fournier*, 473 S.W.3d 789, 797 (Tex. Crim. App. 2015) (Alcala, J., concurring), the only judicial remedy for actual innocence is the granting of a new trial. *Reyes*, 474 S.W.3d at 682 n.19. Consequently, although I disagree with granting relief on the basis of actual innocence, my opinion is a concurring opinion because I agree with granting a new trial.

[3] *Ex parte Philip*, 672 S.W.3d 138, 139 (Tex. Crim. App. 2023).

[4] *Id.* at 140.

[5] *See Ex parte Weinstein*, 421 S.W.3d 656, 665 (Tex. Crim. App. 2014) ("reasonable likelihood" standard for false-evidence claims); *Turner v. United States*, 582 U.S. 313, 324 (2017) ("reasonable probability" standard for suppression-of-exculpatory-evidence claims under *Brady v. Maryland*, 373 U.S. 83 (1963)); TEX. CODE CRIM. PROC. art. 11.073(b)(2) ("preponderance of the evidence" standard for new-science claims).

were left in such a way as to indicate that Appellant had been closing the door from inside the apartment. Although other aspects of the fingerprint evidence have been challenged, there is no dispute about the fact that the prints are Applicant's and they indicate that he was inside the apartment. Fourth, Applicant told various people that he did not know the victim.[6] If these denials were true, they conflicted with any exculpatory explanation for being inside the apartment, and if they were false they suggested Appellant's own consciousness of guilt.[7] I think all of this evidence together is at least minimally sufficient for a reasonable juror to find Applicant guilty.

Consequently, I concur only in the Court's judgment granting a new trial.

Filed: June 19, 2024
Publish

---

[6] He said that to James Taylor, the owner of the apartment where Applicant was staying, and to David Hanners, David Barron, and Nita Wilson, who were all reporters.

[7] *See United States v. Wallace*, 51 F.4th 177, 182 (6th Cir. 2022) (false denials can suggest consciousness of guilt); *United States v. Davis*, 909 F.3d 9, 19 (1st Cir. 2018) ("It is a well-settled principle that false exculpatory statements are evidence—often strong evidence—of guilt.") (internal quotation marks omitted). Some of Applicant's denials of knowing the victim were also coupled with a claim that he either knew nothing about the apartment (to Taylor) or touched the sliding glass door but never entered the apartment (to Hanners and Wilson) (because, by his account to Hanners, he was "peeping" in the apartment). Aside from being inconsistent with each other, these denials also suggest consciousness of guilt and conflict with any exculpatory explanation for being in the apartment.